1    DANIEL H. HANDMAN (SBN 236345)
     dhandman@hkemploymentlaw.com
2    NETTA ROTSTEIN (SBN 318221)
     nrotsteinhkemploymentlaw.com
3    HIRSCHFELD KRAEMER LLP
     233 Wilshire Boulevard
4    Suite 600
     Santa Monica, CA 90401
5    Telephone:  (310) 255-0705
     Facsimile:  (310) 255-0986
6
     Attorneys for Defendant
7    WORLDWIDE FLIGHT SERVICES, INC.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   MARGOTH GUZMAN,                      Case No.

12                    Plaintiff,           [Los Angeles County Superior Court
                                           Case No. 21STCV16884]
13   vs.
                                           **NOTICE OF REMOVAL OF
14   WORLDWIDE FLIGHT                       ACTION TO FEDERAL COURT**
     SERVICES, INC.; a corporate entity
15   form unknown; and DOES 1-50,          **[28 U.S.C. §§ 1332, 1441, AND 1446]**
     inclusive,
16                                         [Filed Concurrently with Notice of
                     Defendants.           Interested Parties and Supporting
17                                         Declaration of Baron Oursler]

18

19                                         **Complaint Filed:**    May 5, 2021

20

21        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446,

22   Worldwide Flight Services, Inc. ("WFS" or "Defendant"), by its attorneys Bond,

23   Schoeneck & King, PLLC, hereby gives notice of the removal of this matter from

24   the Superior Court of the State of California for the County of Los Angeles, Case

25   No. 21STCV16884, to the United States District Court for the Central District of

26   California.  In support of this notice, Defendant states:

27   ///

28   ///

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1

**NATURE OF THE ACTION**

2       1.     On or about May 5, 2021, Plaintiff Margoth Guzman

3  ("Plaintiff"), commenced this action by filing a Complaint in the Superior Court of

4  the State of California for the County of Los Angeles, captioned:

5
     MARGOTH GUZMAN, Plaintiff, v. WORLDWIDE FLIGHT SERVICES,
6       INC.; a corporate entity form unknown; and DOES 1-50, inclusive,
     Defendants.
7

8  A copy of all process, pleadings, and orders served upon Defendant in the State

9  action are attached as **Exhibit A**.

10

11       2.     Defendant was served with a copy of the Summons and

12  Complaint on June 1, 2021.  A copy of the Affidavit of Service is attached as

13  **Exhibit B**.

14

15       3.     Defendant filed and served an Answer to Plaintiff's Complaint

16  in the Los Angeles County Superior Court on June 30, 2021. A copy of Defendant's

17  Answer is attached as **Exhibit C**.

18

19       4.     Plaintiff alleges, among other things, that while in the employ of

20  WFS she was subject to disability, age, and gender discrimination; sexual

21  harassment; and retaliation in violation of the California Government Code.

22

23  Plaintiff also alleges violations of the California Labor Code, and the Business and

24  Professions Code.

25       5.     In addition to filing the Complaint, Plaintiff also filed a

26
27  Statement of Punitive Damages with the Superior Court.  *See* **Exhibit A**.

28

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

2

6.    No other pleadings/papers other than those included in **Exhibit A** have been served upon Defendant.

## THE COURT HAS JURISDICTION

7.    The above-captioned action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.    Plaintiff and Defendant are citizens of different states.

9.    Plaintiff, an individual, is a resident and citizen of the State of California.  Complaint, ¶ 1; Affidavit of Baron Oursler, Esq. ("Oursler Aff."), dated June 25, 2021, at ¶ 6, Ex. A.

10.    The federal diversity jurisdiction statute provides "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. §1332(c)(1). The United States Supreme Court adopted the "nerve center" test to determine a corporation's "principal place of business," which "normally will be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings." *Hertz v. Friend*, 559 U.S. 77, 92-93 (2010).

NOTICE OF REMOVAL
CASE NO.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

11.     WFS was incorporated in the State of Delaware and, therefore, is a citizen of the State of Delaware. Oursler Aff., at ¶ 3.

12.     WFS's principal place of business is New York. WFS is headquartered in the John F. Kennedy International Airport, Jamaica, New York and it is from New York that WFS's corporate officers and various members of senior management direct, control, and coordinate WFS's corporate activities and establish its overall corporate policy.  A significant portion of WFS's books and records are also created, stored, and maintained in New York.  Furthermore, WFS has significant business dealings in New York; it negotiates and executes contracts, has bank accounts and investments, and employs several hundred employees all in New York.  Oursler Aff.  ¶¶ 4-5.  Since WFS' principal place of business is in New York, WFS is deemed to a citizen of New  York for purposes of federal diversity jurisdiction.

13.     Considering that WFS is a citizen of the states of Delaware and New York and Plaintiff is a citizen of California, there is a complete diversity between Plaintiff on the one hand, WFS on the other.

14.     Plaintiff seeks actual, consequential, and incidental damages of no less than $300,000.  Complaint, p. 24, ¶1.  *Guglielmino v. McKee Foods Corporation*, 506 F.3d 696, 699 (9th Cir. 2007) ("when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it

4

appears to a "legal certainty" that the plaintiff cannot actually recover that amount."). Plaintiff also seeks punitive damages up to $1,000,000 from the Defendant. Therefore, the amount in controversy exceeds $75,000.

15. Consequently, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 and this case may be removed under 28 U.S.C. § 1441(b).

## DEFENDANT HAS SATISFIED THE PROCEDURAL REQUISITES FOR REMOVAL

16. Venue is proper in this Court because it is part of the "district and division embracing the place where" this action was filed – Los Angeles County, California. 28 U.S.C. § 1446(a).

17. Removal is timely under 28 U.S.C. § 1446(b) as this *Notice of Removal* has been filed within thirty (30) days of Defendant's receipt of service of process and the state action has been pending for less than one year. Plaintiff filed her Complaint on May 5, 2021. *See* **Exhibit A**. Defendant was served on June 1, 2021. *See* **Exhibit B**.

18. In accordance with 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached as **Exhibit A**.

19. In accordance with 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure, Defendant will promptly: (a) file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for Los Angeles County; (b) serve a true and correct copy of this Notice of

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

5

Removal on Plaintiff; and (c) file with this Court a Certificate of Service and Notice to Adverse Parties of Removal to Federal Court.

20.     By filing this Notice of Removal, Defendant does not waive any defense, counterclaim, argument, or principle of equity which may be available to it.

WHEREFORE, it is respectfully requested that the United States District Court for the Central District of California accept this Notice of Removal and that it assume jurisdiction of this action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial.

Dated:  July 1, 2021                          HIRSCHFELD KRAEMER LLP

By:_____
                                              Daniel Handman
                                              Netta Rotstein

Attorneys for Defendant
WORLDWIDE FLIGHT SERVICES, INC.

NOTICE OF REMOVAL
CASE NO.

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
06/01/2021
CT Log Number 539646017

**TO:**   Jacquelyn Huggins Christian
Worldwide Flight Services, Inc.
B151, E. HANGAR ROAD, CARGO AREA A
JFK INTERNATIONAL AIRPORT-JAMAICA
NEW YORK, NY 11430

**RE:**   **Process Served in California**

**FOR:**   Worldwide Flight Services, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARGOTH GUZMAN, ETC., PLTF. vs. WORLDWIDE FLIGHT SERVICES, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV16884 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/01/2021 at 08:57 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780116733039 |
| | Image SOP |
| | Email Notification,  Maya Fontaine  mfontaine@wfs.aero |
| | Email Notification,  Baron Oursler  baron.oursler@wfs.aero |
| | Email Notification,  Jacquelyn Huggins Christian  jhuggins.christian@wfs.aero |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Tue, Jun 1, 2021 |
| **Server Name:** | DROP SERVICE |

| | |
|---|---|
| Entity Served | WORLDWIDE FLIGHT SERVICES, INC. |
| Case Number | 21STCV16884 |
| Jurisdiction | CA |



Electr... Superior Court of California, County of Los Angeles on 05/05/2021 12:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

21STCV16884

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

   WORLDWIDE FLIGHT SERVICES, INC., a corporate entity form unknown;
   and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

   MARGOTH GUZMAN, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>21STCV16884 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Jihad M. Smaili (SBN: 262219); SMAILI & ASSOCIATES, PC; 600 W. Santa Ana Blvd., Suite 202, Santa Ana, CA 92701; 714-547-4700

| DATE:<br>*(Fecha)* 05/05/2021 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* R. Perez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Worldwide Flight Services, Inc

   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify)*:
4. [✓] by personal delivery on *(date)* 06/01/21

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

Jihad M. Smaili, Esq. [262219]
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers 600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
TELEPHONE NO.: 714-547-4700    FAX NO.: 714-547-4710
ATTORNEY FOR (Name): Plaintiff - Margoth Guzman

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90018
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Margoth Guzman v. Worldwide Flight Services, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV16884 |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 10
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 4, 2021

Jihad M. Smaili, Esq.
(TYPE OR PRINT NAME)

▶ /s/ Jihad M. Smaili
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

To Plaintiffs and Others Filing First Papers.—If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Margoth Guzman v. Worldwide Flight Services, Inc., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Margoth Guzman v. Worldwide Flight Services, Inc., et al. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Margoth Guzman v. Worldwide Flight Services, Inc., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Margoth Guzman v. Worldwide Flight Services, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 5758 W. Century Blvd. |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90018 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ Central Judical District _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 4, 2021 _____                    /s/ Jihad M. Smaili
                                                        _____
                                                        (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Margoth Guzman

DEFENDANT:
Worldwide Flight Services, Inc., a corporate entity form unknown

**NOTICE OF CASE MANAGEMENT CONFERENCE**

**FILED**
Superior Court of California
County of Los Angeles

**05/10/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ R. Lomeli _____ Deputy

CASE NUMBER:
**21STCV16884**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 09/15/2021 | Time: 8:30 AM | Dept.: 38 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b) and California Rules of Court, rule 2.2 et seq.

Dated: __05/10/2021_____

_____ Maureen Duffy-Lewis / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Jihad Smaili
600 West Santa Ana Blvd. Suite 202

Santa Ana, CA 92701

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __05/10/2021_____

By __R. Lomeli_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARGOTH GUZMAN, an individual; | ) Case No.: 21STCV16884 |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| WORLDWIDE FLIGHT SERVICES, INC., a corporate entity form unknown; and DOES 1-50, inclusive, | ) **PLAINTIFF'S STATEMENT OF PUNITIVE DAMAGES** [CCP §425.115] |
| Defendants. | ) |

**NOTICE TO:   WORLDWIDE FLIGHT SERVICES, INC., a corporate entity form unknown; and DOES 1—50, inclusive,**

Plaintiff Margoth Guzman reserves the right to seek $100,000.00 in punitive damages against each of you when she seeks a judgment in the above captioned lawsuit filed against you.

Dated: May 20, 2021                 **SMAILI & ASSOCIATES, P.C.**

By: *Jihad M. Smaili*
Jihad M. Smaili, Esq.
Attorneys for Plaintiff

STATEMENT OF PUNITIVE DAMAGES

1

CIVIL MGMT. SHERIFF
CIVIL MGMT. BUREAU
LOS ANGELES OFFICE

2019 MAY 26 PM 2: 53

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Ricaliada Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) — MANDATORY ELECTRONIC FILING FOR CIVIL ) ) ) ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

    a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) **MANDATORY ELECTRONIC FILING**

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1     d) Documents in Related Cases

2        Documents in related cases must be electronically filed in the eFiling portal for that case type if

3        electronic filing has been implemented in that case type, regardless of whether the case has

4        been related to a Civil case.

5    3) EXEMPT LITIGANTS

6     a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7        from mandatory electronic filing requirements.

8     b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9        Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10       from filing documents electronically and be permitted to file documents by conventional

11       means if the party shows undue hardship or significant prejudice.

12   4) EXEMPT FILINGS

13     a) The following documents shall not be filed electronically:

14        i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15            Civil Procedure sections 170.6 or 170.3;

16        ii)   Bonds/Undertaking documents;

17        iii)  Trial and Evidentiary Hearing Exhibits

18        iv)  Any ex parte application that is filed concurrently with a new complaint including those

19            that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20        v)    Documents submitted conditionally under seal. The actual motion or application shall be

21            electronically filed. A courtesy copy of the electronically filed motion or application to

22            submit documents conditionally under seal must be provided with the documents

23            submitted conditionally under seal.

24     b) Lodgments

25        Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26  paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27  //

28  //

3

2019-GEN-014-00

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

   a)  Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

   b)  The table of contents for any filing must be bookmarked.

   c)  Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d)  Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

       i)    Depositions;

       ii)   Declarations;

       iii)  Exhibits (including exhibits to declarations);

       iv)   Transcripts (including excerpts within transcripts);

       v)    Points and Authorities;

       vi)   Citations; and

       vii)  Supporting Briefs.

   e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f)  Accompanying Documents

       Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

   g)  Multiple Documents

       Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

b) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6      This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**

**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY(S) FOR PARTY IN INTEREST ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.:        FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: | |
| --- | --- |
| PLAINTIFF: | |
| DEFENDANT: | |

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
| --- | --- |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department.

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| MAILING ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): EMAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ (INSERT DATE) for the complaint, and _____ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR PLAINTIFF)

Date:

_____     > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____     > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____     > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____     > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Date:

_____     > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

_____     > _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY) | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: | |

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLANTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____
_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11    **STIPULATION AND ORDER – MOTIONS IN LIMINE**    Page 2 of 2



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 03/21
For Mandatory Use

**1**

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a.  **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by videoconference for cases they accept. Before contacting these organizations, review important information and FAQs at** www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 05/05/2021 Sherri R. Carter, Executive Officer / Clerk of Court By: ____ R. Perez ____ Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 21STCV16884 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Maureen Duffy-Lewis | 38 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/05/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

Electronically FILED by Superior Court of California, County of Los Angeles on 05/03/2021 12:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H Perez, Deputy Clerk
21STCV16884
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maureen Duffy-Lewis

1    Jihad M. Smaili, Esq. [262219]
     **SMAILI & ASSOCIATES, PC**
2    Civic Center Plaza Towers
     600 W. Santa Ana Blvd., Suite 202
3    Santa Ana, California 92701
     714-547-4700
4    714-547-4710 (facsimile)
5    jihad@smaililaw.com

6    Attorney for Plaintiff

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

10 MARGOTH GUZMAN, an )  Case No.:    **21STCV16884**
11 individual; )  Assigned for all purposes to the
                 )
12        Plaintiff, )
13                 )  **COMPLAINT**:
14      v. )    1. Discrimination in Violation of Gov. Code
                 )       §12940 *et seq.*
15 WORLDWIDE FLIGHT SERVICES, )   2. Age Discrimination in Violation of Gov.
    INC., a corporate entity form unknown; )     Code § 12940 et seq.
16 and DOES 1-50, inclusive, )    3. Failure to Accommodate in Violation of Gov.
                 )       Code § 12940(m)
17        Defendants. )    4. Failure to Engage in Interactive Process in
                 )       Violation of Gov. Code § 12940(n)
18                 )    5. Failure to Prevent Discrimination in
19                 )       Violation of Gov. Code § 12940(k)
                 )    6. Gender Discrimination in Violation of Gov.
20                 )       Code §12940 *et seq.*
21                 )    7. Sexual Harassment
                 )    8. Retaliation in Violation of Gov. Code
22                 )       §12940(h)
23                 )    9. Failure To Provide Employment Records in
                 )       Violation of Cal. Labor Code §1198.5 *et*
24                 )       *seq.*
25                 )   10. Violation of Business & Professions Code
                 )       § 17200 *et seq.*
26                 )
                 )    **DEMAND FOR JURY TRIAL**
27                       **UNLIMITED JURISDICTION**

28

*Smaili & Associates, P.C.*

Plaintiff Margoth Guzman (hereinafter "Plaintiff" and/or "Guzman") alleges as follows:

## THE PARTIES

1.     At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Worldwide Flight Services, Inc. ("WFS"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Los Angeles. Plaintiff is further informed and believes and thereon alleges that WFS was transacting business in the County of Los Angeles, State of California, at the time claims of Plaintiff arose. At all times relevant, WFS was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.     Each reference in this complaint to "Defendant" and/or "Defendants" refers to WFS, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints,

1   injuries and/or damages alleged in this Complaint. Likewise, Defendants, and each of them
2   are now and/or at all times mentioned in this Complaint were the agents, servants and/or
3   employees of some or all other Defendants, and vice-versa, and in doing the things alleged
4   in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were
5   acting within the course and scope of that agency, servitude and/or employment.

6       6.      Plaintiff is informed and believes and thereon alleges that Defendants, and
7   each of them, are now and/or at all times mentioned in this Complaint were members of
8   and/or engaged in a joint venture, partnership and common enterprise, and were acting
9   within the course and scope of, and in pursuance of said joint venture, partnership and
10  common enterprise.

11      7.      Plaintiff is informed and believes and thereon alleges that Defendants, and
12  each of them, at all times mentioned in this Complaint, concurred and contributed to the
13  various acts and omissions of each and every one of the other Defendants in proximately
14  causing the complaints, injures and/or damages alleged in this Complaint. Plaintiff is
15  further informed and believes and thereon alleges that Defendants, and each of them, at all
16  times mentioned in this Complaint, approved of condoned and/or otherwise ratified each
17  and every one of the acts and/or omissions alleged in this Complaint. Likewise,
18  Defendants, and each of them, at all times mentioned in this Complaint aided and abetted
19  the acts and omissions of each and every one of the other Defendants thereby proximately
20  causing the damages alleged in this Complaint.

21      8.      Plaintiff is informed and believes and thereon alleges that at all times, the
22  actions alleged herein committed by Defendants were committed by managing agents of
23  Defendants, or, such conduct was known by and/or ratified by managing agents of
24  Defendants.

25  ///
26  ///
27  ///
28

COMPLAINT

Smaili & Associates, P.C.

## VENUE AND JURISDICTION

9.      Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Los Angeles, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Los Angeles, State of California.

## FACTUAL BACKGROUND

10.      On or about April 28, 2008, Defendant hired Plaintiff as a Shipping Clerk, but in 2019 Plaintiff was demoted to Warehouse Janitor. Her job duties include, but are not limited to, cleaning the lunch are three times per day, cleaning the microwaves, refrigerators, and tables, cleaning six (6) offices, cleaning the entire warehouse, and cleaning the hallways. Plaintiff earns an hourly wage of $20.56.

11.      On or about August 11, 2017, Plaintiff filed a sexual harassment claim against a co-worker, Walter Lisa ("Lisa"), with Defendant's Human Resources Department ("HR"). However, it took Defendant over six (6) months to take any action to remedy the situation. Defendant eventually changed Lisa's schedule so Plaintiff and Lisa would not encounter each other, but for six (6) long months Plaintiff continued to suffer from sexual harassment. As a result of Defendant's unreasonable delay, Plaintiff suffered severe stress, anxiety, and depression. Plaintiff's emotional injuries limited a major life function, such as working and constitute a disability. Plaintiff reported her disability to HR, but Defendant failed to provide workers' compensation paperwork, failed to offer an accommodation, and failed to engage in a good faith interactive process.

12.      After Plaintiff's engagement in protected activity, Defendant and its agents began harassing, discriminating, and retaliating against her. She was demoted from the position of Shipping Clerk to Warehouse Janitor. Furthermore, Plaintiff was belittled and harassed by her supervisor, Brian Montes ("Montes"). Montes would scream at Plaintiff to work faster, criticize her work, continuously yell demands, and always speak to her in a demeaning manner. This ill treatment further exacerbated Plaintiff's disability, stress, and anxiety.

1          13.    At the age of 67, Plaintiff is one of the oldest employees working for

2 Defendant. She believes this is another basis for Defendant's harassment, discrimination,

3 and retaliation. One of Defendant's agents, Efrain Santibañes Jr. ("Santibañes") began

4 making offensive derogatory remarks at Plaintiff in or around August 2019. Santibañes

5 told Plaintiff she is "too slow," "lazy," and "just here for an easy paycheck!" This could

6 not be further from the truth, as Plaintiff's job duties had become much more physically

7 demanding after her demotion to janitorial duties.

8          14.    Furthermore, Santibañes discriminated against Plaintiff due to her race and

9 national origin. On one such occasion, Santibañes offensively yelled at Plaintiff, "I'm

10 going to send you to Tijuana!" Appalled and hurt, Plaintiff pointed out to Santibañes that

11 even though she does not speak English, she is still a United States Citizen and his

12 mistreatment of her is not only immoral, but abhorrent. A coworker had overheard

13 Santibañes scream this at Plaintiff and reported the incident to HR. HR *again* sat back and

14 watched the abuse of Plaintiff continue. Defendant failed to stop and prevent the

15 discrimination and harassment from taking place.

16          15.    Due to the hostile work environment, Plaintiff's stress and anxiety became

17 so intensified and serious that she developed severe stomach problems and pain to the point

18 where she was placed off of work for approximately one (1) week. Defendant still refused

19 to provide workers' compensation paperwork, refused to accommodate her, and refused to

20 engage her in a good-faith interactive process.

21          16.    Moreover, Defendant further retaliated against Plaintiff by alleging that she

22 owed Defendant 87 hours in "sick days." Plaintiff went to HR to ask for an explanation as

23 to how she owes sick days, and instead of giving Plaintiff a proper answer, HR confused

24 Plaintiff even more and told her that for every 30 hours that she works, they will take off

25 one hour of sick leave that she owes. Plaintiff still does not know why she owes Defendant

26 any sick leave hours.

27          17.    On or about December 26, 2019, Plaintiff filed another complaint with HR

28 regarding the toxic environment she had to work in and the harassment she suffered on a

daily basis. She pleaded that HR help her and intervene in some way because her stress and anxiety had become intolerable. Still, Defendant and HR turned a blind eye and took no action to protect Plaintiff.

18.     On or about May 5, 2020, another of Defendant's agents, Charles Moody ("Moody"), began retaliating against Plaintiff due to her engagement in the protected activity of filing complaints about the hostile work environment. Moody began harassing Plaintiff. Moody followed Plaintiff around, berating and yelling at her without cause. Moody ordered Plaintiff to perform an unrealistic number of tasks at the same time. Moody was aggressive in his demeanor, terrifying Plaintiff to the point where she feared for her safety.

19.     As the harassment escalated and the work environment became more toxic, Plaintiff filed yet another complaint with HR. But once again, Respondent took no action to stop or prevent the harassment from occurring. This continued belittlement on a daily basis is exacerbating Plaintiff's stress and anxiety. Defendants agents speak to Plaintiff in such a demeaning manner in an attempt to force her to resign

20.     After 13 years of loyal and dedicated service, Plaintiff is forced to work in a hostile work environment where her stress and anxiety continue to escalate. Plaintiff feels like a second-class citizen due to the cruelty and maltreatment she continues to endure.

21.     Upon information and belief, Plaintiff suffered and continues to suffer discrimination, harassment, and retaliation for her participation in protected conduct of reporting harassment, filing/perceiving filing for workers' compensation, work-related disabilities, complaining about her work-related disabilities, requests for accommodation, race, national origin, sex, and age. Further, Defendant failed to provide workers' compensation paperwork, failed to offer any reasonable accommodation and refused to engage Plaintiff in a good faith interactive process

22.     Before filing this lawsuit, Plaintiff exhausted her administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated June 10, 2020.

Esmaili & Associates, P.C.

## FIRST CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940 *et seq.*

### (Against All Defendants)

23.     Plaintiff refers to all allegations contained in paragraphs 1-22, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

24.     California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.  FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

25.     Plaintiff has a disability as alleged above.

26.     Defendant was aware of Plaintiff's stress, anxiety, work-related injuries, and resulting disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

27.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

28.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and demote Plaintiff.

29.     Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

30.     As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

31.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

32.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

33.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

34.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

35.     Plaintiff is informed and believes and thereon alleges that her disability was a motivating factor in the decision of Defendant to discriminate against her and demote her.

36.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other

1   individuals who were managing agents of Defendant.

2      37.    The conduct of Defendant as alleged hereinabove was done with malice,

3   fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.  As

4   such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

5      38.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

6   amount according to proof at the time of trial which fees and expenses are recoverable

7   pursuant to *Gov't Code* §12900 *et seq.*

## SECOND CAUSE OF ACTION

## AGE DISCRIMINATION

## IN VIOLATION OF GOV. CODE § 12940 *et seq.*

## (Against All Defendants)

12     39.    Plaintiff refers to all allegations contained in paragraphs 1-38, inclusive and

13  by such reference incorporates the same herein as though fully realleged in detail.

14     40.    At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in

15  full force and effect and were binding on Defendant.  These sections require Defendant to

16  refrain from discriminating against any employee over the age of 40 because of their age.

17     41.    At the time of Plaintiff's injuries and at the time of Plaintiff's demotion and

18  at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff

19  was over the age of 40.  Plaintiff is informed and believes and thereon alleges that after

20  wholly satisfactory, competent and diligent performance to the profit of Defendants, that

21  Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to demote

22  Plaintiff. Said conduct by Defendants was intentional and willful.

23     42.    Plaintiff is informed and believes and thereon alleges that Plaintiff was

24  replaced with an employee below the age of 40.

25     43.    Defendant was aware of Plaintiff's age, as herein alleged, because Defendant

26  maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's

27  birth and her corresponding age.

28     44.´   At all times herein alleged, Plaintiff was qualified for the position of

employment that she held with Defendant and was able to perform the essential functions of that job.

45.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to demote Plaintiff, and in fact, did demote Plaintiff.

46.     Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

47.     As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

48.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

49.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

50.     Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

51.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees over the age of 40.  By failing to stop the discrimination, harassment and

1  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,
2  directly caused a vicious cycle of wrongful conduct with impunity.

3      52.    The outrageous conduct of Defendant, and each of them was done with
4  oppression and malice by Defendant and its supervisors and managers, along with
5  conscious disregard of Plaintiff's rights, and were ratified by those other individuals who
6  were managing agents of Defendant.

7      53.    Plaintiff also continues to incur attorneys' fees and legal expenses in an
8  amount according to proof at the time of trial which fees and expenses are recoverable
9  pursuant to Gov't Code §12900 et seq.

10              **THIRD CAUSE OF ACTION**
11  **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF**
12      **CALIFORNIA GOVERNMENT CODE § 12940(m)**
13              **(Against All Defendants)**

14      54.    Plaintiff refers to all allegations contained in paragraphs 1-53, inclusive and
15  by such reference incorporates the same herein as though fully realleged in detail.

16      55.    Plaintiff has a disability as alleged above.

17      56.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

18      57.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed
19  and refused to engage in an interactive process with Plaintiff, and, failed to address
20  Plaintiff's needs in light of her disabilities.

21      58.    At all times herein alleged, Plaintiff was qualified for the position of
22  employment that she held with Defendant and was able to perform the essential functions
23  of that job if such reasonable accommodation had been made by Defendant.  At no time
24  would the performance of the functions of the employment position, with a reasonable
25  accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other
26  person's health or safety, nor would it have created an undue hardship to the operation of
27  Defendant's business.

28      59.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes

COMPLAINT

11

*Smaili & Associates, P.C.*

1   unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code*
2   §12940.

3          60.    As a direct, foreseeable, and proximate result of Defendant's wrongful
4   conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has
5   suffered the loss of wages, salary, benefits, the potential for advancement, and additional
6   amounts of money Plaintiff would have received but for Defendant's wrongful conduct, in
7   an amount of at least three hundred thousand dollars, all subject to proof at the time of trial.

8          61.    As a direct, foreseeable, and proximate result of the wrongful conduct of
9   Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional
10  distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an
11  amount subject to proof at trial.

12         62.    Plaintiff is informed and believes and thereon alleges that the above-alleged
13  actions of Defendant were the result and consequence of Defendant's failure to supervise,
14  control, direct, manage, and counsel those agents throughout Plaintiff's employment and
15  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and
16  enabled agents to believe that their conduct was appropriate.

17         63.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff
18  and sent the unmistakable message that such conduct is appropriate in the workplace.

19         64.    Plaintiff is informed and believes and thereon alleges that Defendant has a
20  systemic and wide-spread policy of discriminating against and retaliating against
21  employees with disabilities.  By failing to stop the discrimination, harassment and
22  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,
23  directly caused a vicious cycle of wrongful conduct with impunity.

24         65.    Plaintiff is informed and believes and thereon alleges that Defendant's desire
25  to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to
26  discriminate against her and demote her.

27         66.    The outrageous conduct of Defendant, and each of them, as alleged herein,
28  was done with oppression and malice by Defendant and its supervisors and managers,

COMPLAINT

12

1  along with conscious disregard of Plaintiff's rights, and were ratified by those other
2  individuals who were managing agents of Defendant.

3      67.    The conduct of Defendant as alleged hereinabove was done with malice,
4  fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law.
5  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

6      68.    Plaintiff also continues to incur attorneys' fees and legal expenses in an
7  amount according to proof at the time of trial which fees and expenses are recoverable
8  pursuant to *Gov't Code* §12900 *et seq.*

9                        **FOURTH CAUSE OF ACTION**
10          **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN**
11          **VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)**
12                          **(Against All Defendants)**

13     69.    Plaintiff refers to all allegations contained in paragraphs 1-68, inclusive and
14  by such reference incorporates the same herein as though fully realleged in detail.

15     70.    Plaintiff has a disability as alleged above.

16     71.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

17     72.    Defendant failed and refused to engage Plaintiff in an interactive process
18  designed to unite Plaintiff with her job.

19     73.    At all times herein alleged, Plaintiff was qualified for the position of
20  employment that she held with Defendant and was able to perform the essential functions
21  of that job if such reasonable accommodation had been made by Defendant.  At no time
22  would the performance of the functions of the employment position, with a reasonable
23  accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other
24  person's health or safety, nor would it have created an undue hardship to the operation of
25  Defendant's business.

26     74.    Defendant's failure to engage with Plaintiff in an interactive process, as
27  alleged above, constitutes unlawful conduct in employment in violation of FEHA, and
28  particularly *Gov't Code* §12940.

75.     As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount no less than three hundred thousand dollars, subject to proof at the time of trial.

76.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

77.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

78.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

79.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

80.     Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against her and demote her.

81.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other

1 │ individuals who were managing agents of Defendant.

2 │     82.    The conduct of Defendant as alleged hereinabove was done with malice,

3 │ fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.  As

4 │ such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

5 │     83.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

6 │ amount according to proof at the time of trial which fees and expenses are recoverable

7 │ pursuant to *Gov't Code* §12900 *et seq.*

8 │ **FIFTH CAUSE OF ACTION**

9 │ **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION**

10 │ **OF CALIFORNIA GOVERNMENT CODE § 12940(k)**

11 │ **(Against All Defendants)**

12 │     84.    Plaintiff refers to all allegations contained in paragraphs 1-83, inclusive and

13 │ by such reference incorporates the same herein as though fully realleged in detail.

14 │     85.    During the course of employment, Defendant, and each of them, failed to

15 │ prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis

16 │ of her disability, requesting accommodation, age, race, national origin, and participation in

17 │ protected conduct in violation of *Government Code* §12940(k).

18 │     86.    As a direct result of the wrongful conduct of Defendant, Plaintiff suffered,

19 │ and continues to suffer, substantial losses in earnings and other benefits in an amount

20 │ according to proof at the time trial, including special and general damages.

21 │     87.    As a direct, foreseeable, and proximate result of the wrongful conduct of

22 │ Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish,

23 │ humiliation, substantial losses in salary, bonuses, job benefits, and other employment

24 │ benefits which she would have received all to her damage in a sum within the jurisdiction

25 │ of the Court to be ascertained according to proof.

26 │     88.    Plaintiff is informed and believes and thereon alleges that the outrageous

27 │ conduct of Defendant, and each of them, as alleged herein, was done with oppression and

28 │ malice by Plaintiff's supervisors and managers, along with conscious disregard of

1   Plaintiff's rights, and were ratified by those other individuals who were managing agents

2   of Defendant.

3        89.    As a proximate result of the wrongful conduct of Defendant, and each of

4   them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

5   mental and physical pain and anguish according to proof at the time of trial.

6        90.    These unlawful acts were further encouraged by Defendant and done with a

7   conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring

8   Plaintiff.   The conduct of Defendant alleged hereinabove was done with malice, fraud or

9   oppression, and in reckless disregard of Plaintiff's rights under California law.  As such,

10   Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

11        91.    Plaintiff has also incurred and continues to incur attorneys' fees and legal

12   expenses in an amount according to proof at the time of trial.

### SIXTH CAUSE OF ACTION

### GENDER DISCRIMINATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940 *et seq.*

#### (Against All Defendants)

17        92.    Plaintiff refers to all allegations contained in paragraphs 1-91, inclusive and

18   by such reference incorporates the same herein as though fully realleged in detail.

19        93.    At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in

20   full force and effect and were binding on Defendant.  These sections require Defendant to

21   refrain from discriminating against any employee on the basis of gender.

22        94.    At the time of Plaintiff's injuries and at the time of Plaintiff's demotion , and

23   at all times that Defendant was discriminating against Plaintiff and sexually harassing

24   Plaintiff as alleged herein, Plaintiff was a female.  Plaintiff is informed and believes and

25   thereon alleges that her gender was a motivating factor in Defendants decision to demote

26   Plaintiff. Said conduct by Defendant was intentional and willful.

27        95.    Defendant was aware of Plaintiff's gender, as herein alleged, because

28   Defendant maintained Plaintiff's personnel file which specifically references her gender.

Somali & Associates, P.C.

96.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

97.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's gender, Defendant decided to demote Plaintiff, and in fact, did demote Plaintiff.

98.     Defendants discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's gender in violation of FEHA, and particularly Gov't Code §12940.

99.     As a direct, foreseeable, and proximate result of Defendants discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

100.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

101.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

102.    Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

103.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against female

1   employees.  By failing to stop the discrimination, harassment and retaliation, Defendant

2   ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious

3   cycle of wrongful conduct with impunity.

4        104.   The outrageous conduct of Defendant, and each of them was done with

5   oppression and malice by Defendant and its supervisors and managers, along with

6   conscious disregard of Plaintiff's rights, and were ratified by those other individuals who

7   were managing agents of Defendant.

8        105.   Plaintiff also continues to incur attorneys' fees and legal expenses in an

9   amount according to proof at the time of trial which fees and expenses are recoverable

10  pursuant to Gov't Code §12900 et seq.

**SEVENTH CAUSE OF ACTION**

**SEXUAL HARASSMENT IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE §12940(j)**

**(Against All Defendants)**

15       106.   Plaintiff refers to all allegations contained in paragraphs 1-105, inclusive and

16  by such reference incorporates the same herein as though fully realleged in detail.

17       107.   During the course of Plaintiff's employment, Defendants created and

18  allowed to exist a hostile environment and discriminated against and harassed Plaintiff on

19  the basis of her gender, and participation in protected conduct, in violation of firmly

20  established California public policy as set forth under Government Code § 12940 *et seq.*

21       108.   Defendants demanded more than professionalism from Plaintiff and other

22  employees. Defendant's agents regularly made sexual advances, gestures, comments, and

23  overtures towards Plaintiff. Plaintiff rebuffed all of Defendant's agents advances and made

24  complaints. The improper conduct did not abate and Defendants did nothing to prevent or

25  stop such conduct, nor did Defendants discipline Defendant's agents.

26       109.   California public policy is clear that harassment of employees on the basis of

27  sex/sexual orientation/gender is an unlawful employment practice and requires Defendants

28  to refrain from discrimination or harassment against any employee because of their sex/

COMPLAINT

18

1   sexual orientation/gender.

2   110.   The foregoing conduct further violates California public policy which

3   provides that it is unlawful for an employer to fail to take all reasonable steps necessary to

4   prevent harassment from occurring.

5   111.   The foregoing conduct violates California public policy which provides that

6   it is an unlawful practice for any employer or person to retaliate against or otherwise

7   discriminate against any person because the person has opposed any practices forbidden

8   by law or because the person has complained or asserted legal rights under the law.

9   112.   The sexual harassment and retaliation against Plaintiff created an oppressive,

10   hostile, intimidating and/or offensive work environment for Plaintiff and interfered with

11   her emotional well-being and ability to perform her duties.

12   113.   The sexual harassment and retaliation were sufficiently severe and pervasive

13   as to materially alter Plaintiff's conditions of employment, and to create an abusive work

14   environment.

15   114.   The acts of Defendants alleged above were done maliciously, oppressively,

16   and/or fraudulently.

17   115.   Defendants knew, or should have known, that there was an ongoing problem

18   with Defendant's agents engaging in inappropriate sexual activity and making unwelcome

19   sexual advances to employees, and specifically Plaintiff, and employed him with conscious

20   disregard of the rights or safety of Plaintiff and of other employees.

21   116.   Once Plaintiff complained, Defendants could have implemented significant

22   remedies, but failed to do so, or chose not to do so.  Defendants therefore ratified and

23   adopted the wrongful conduct.

24   117.   As a direct and proximate result of the sexual harassment of Plaintiff

25   described above, and the retaliation against him, Plaintiff has suffered and will continue to

26   suffer embarrassment, humiliation, mental anguish, severe emotional and physical distress,

27   losses in earnings, bonuses, deferred compensation, employment benefits, earning

28   capacity, opportunities for employment advancement, and work experience, all to his

COMPLAINT

19

1  damage, according to proof.

## EIGHTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE §12940(h)

#### (Against All Defendants)

118.   Plaintiff refers to all allegations contained in paragraphs 1-117, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

119.   At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to refrain from retaliating against Plaintiff.

120.   Plaintiff is informed and believes and thereon alleges that as a consequence of requesting medical leave, lodging complaints with Defendants about the harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's disability sustained while on-the-job for which workers compensation coverage was required along with reasonable accommodation, Defendant took retaliatory action against Plaintiff by failing to conduct a good faith interactive process aimed at reuniting Plaintiff with her job, failing to determine the essential functions of Plaintiff's job, mistreating Plaintiff, denying Plaintiff advancement and promotion, and ultimately demoting Plaintiff.

121.   Defendant unlawfully retaliated against Plaintiff after she engaged in protected activity, such as without limitation, taking medical leave, filing or intending to file for workers' compensation benefit, requesting accommodation, reporting sexual harassment, lodging workplace complaints related to the harassment and discrimination that she was facing, and other complaints of a hostile and unsafe working environment.

122.   As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction, all to her damage in a sum according to proof.

1    123.    These unlawful acts were further encouraged by Defendant and done with a

2  conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring

3  Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination against

4  Plaintiff which culminated in her discharge, Plaintiff seeks an award of punitive and

5  exemplary damages in an amount according to proof.

6    124.    Plaintiff has incurred and continues to incur legal expenses and attorney

7  fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and

8  prays leave of court to amend this Complaint when said amounts are more fully known.

9  ### NINTH CAUSE OF ACTION

10  ### FAILURE TO PROVIDE EMPLOYMENT RECORDS

11  ### IN VIOLATION OF CAL. LABOR CODE §1198.5 *et seq.*

12  ### (Against all Defendants)

13    125.    Plaintiff refers to all allegations contained in paragraphs 1-124, inclusive and

14  by such reference incorporates the same herein as though fully realleged in detail.

15    126.    California Labor Code §1174, subdivision (c), requires employers doing

16  business in the State of California to maintain payroll records and to keep these records in

17  a central location in the State of California.

18    127.    California Labor Code §226, subdivisions (b) and (c), require employers

19  doing business in the State of California to provide current and former employees access

20  to their payroll records.

21    128.    California Labor Code §432, subdivision (b), requires employers doing

22  business in the State of California to provide current and former employees copies of all

23  written instruments they sign upon request.

24    129.    California Labor Code §1198.5 et seq., provides current and former

25  employees the right to inspect their employee personnel records that the employer

26  maintains relating to the employee's performance or to any grievance concerning the

27  employee.

28

Smili & Associates, P.C.

---

COMPLAINT

21

130.   Plaintiff, via counsel, requested Defendants to provide Plaintiff with her employee personnel file and payroll records, and Defendants did not provide Plaintiff with inspection rights or complete copies of such records, in violation of the above-described statutes.

131.   As a result of Defendants' statutory violations alleged in this Complaint, Plaintiff suffered damages, in an amount to be determined according to proof at trial, costs, and attorney's fees.

132.   By reason of the foregoing, Plaintiff has been left without an adequate remedy at law, and should be entitled to appropriate injunctive relief from this Court, including, but not limited to, an order by the Court requiring Defendants to turn over copies of Plaintiff's employee personnel file and payroll records to Plaintiff or to provide Plaintiff access to these records as required by law.

133.   Plaintiff is entitled to costs and attorney's fees as provided by applicable law, including, but not limited to, California Labor Code §226 subdivisions (e), (f), and (h), and § 1198.5 subdivision (l).

134.   Plaintiff is entitled to penalties as provided by applicable law, including, but not limited to, California Labor Code §§ 226 subdivisions (e) and (f), and §1198.5 subdivision (k).

## TENTH CAUSE OF ACTION

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.***

**(Against All Defendants)**

135.   Plaintiff refers to all allegations contained in paragraphs 1-134 inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

136.   Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

137.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

138.   By engaging in the above-described acts and practices, Defendant, and each

1   of them, have committed one or more acts of unfair, unlawful or fraudulent competition

2   within the meaning of Business & Professions Code §17200 *et seq.*

3        139.   Defendant, and each of them, have violated statutes and public policies.

4   Through the conduct alleged in this Complaint, Defendant, and each of them, have acted

5   contrary to public policies and have engaged in other unlawful and unfair business practices

6   in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all

7   interested persons of rights, benefits, and privileges guaranteed to all employees under law.

8        140.   As a direct and proximate result of the aforementioned acts and practices,

9   Plaintiff has suffered a loss of money and property in the form of wages and benefits that

10  she would have received as an employee of Defendant, and each of them.

11       141.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief

12  and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest

13  and costs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Smaili & Associates, P.C.

COMPLAINT

23

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars;

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For pre-judgment and post-judgment interest, according to proof;

4. For punitive and exemplary damages, according to proof;

5. For attorneys' fees, according to proof and statute;

6. For costs of suit incurred herein;

7. For such other relief and the Court may deem just and proper.

Dated: May 4, 2021                    **SMAILI & ASSOCIATES, P.C.**

By: */s/ Jihad M. Smaili*

Jihad M. Smaili, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: May 4, 2021                                     **SMAILI & ASSOCIATES, P.C.**


By:  _/s/ Jihad M. Smaili_
            Jihad M. Smaili, Esq.
            Attorney for Plaintiff

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
06/01/2021
CT Log Number 539646017

| | |
|---|---|
| **TO:** | Jacquelyn Huggins Christian<br>Worldwide Flight Services, Inc.<br>B151, E. HANGAR ROAD, CARGO AREA A<br>JFK INTERNATIONAL AIRPORT-JAMAICA<br>NEW YORK, NY 11430 |
| **RE:** | **Process Served in California** |
| **FOR:** | Worldwide Flight Services, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARGOTH GUZMAN, ETC., PLTF. vs. WORLDWIDE FLIGHT SERVICES, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV16884 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/01/2021 at 08:57 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780116733039<br><br>Image SOP<br><br>Email Notification,  Maya Fontaine  mfontaine@wfs.aero<br><br>Email Notification,  Baron Oursler  baron.oursler@wfs.aero<br><br>Email Notification,  Jacquelyn Huggins Christian  jhuggins.christian@wfs.aero |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 06/30/2021 03:47 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang, Deputy Clerk

DANIEL H. HANDMAN (SBN 236345)
NETTA ROTSTEIN (SBN 318221)
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA  90401
Telephone:  (310) 255-0705
Facsimile:  (310) 255-0986

Attorneys for Defendant
WORLDWIDE FLIGHT SERVICES, INC.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| MARGOTH GUZMAN, | Case No.  21STCV16884 |
| Plaintiff, | **DEFENDANT WORLDWIDE FLIGHT SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| WORLDWIDE FLIGHT SERVICES, INC.; a corporate entity form unknown; and DOES 1-50, inclusive, | Complaint Filed:  May 5, 2021 |
| Defendants. | |

Defendant, WORLDWIDE FLIGHT SERVICES, INC. ("Defendant"), hereby responds to Plaintiff MARGOTH GUZMAN'S ("Plaintiff") Complaint for Damages ("Complaint") in this action as follows:

## <u>GENERAL DENIAL</u>

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation contained in Plaintiff's Complaint.  Defendant further denies that Plaintiff has been damaged in any sum or amount whatsoever, and denies that Plaintiff is entitled to any declaratory relief, injunctive relief, compensatory damages, punitive damages, restitution, interest, attorneys' fees or costs, or any other form of legal or equitable relief whatsoever as she has not suffered any damages by reason of any act or omission on Defendant's part.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## **AFFIRMATIVE DEFENSES**

As separate and distinct Affirmative Defenses to Plaintiff's Complaint, Defendant alleges and avers as follows:

### **FIRST AFFIRMATIVE DEFENSE**

### **(Statute of Limitations)**

1. The Complaint, and each cause of action set forth therein, is barred in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 338, and 339, California Government Code §12960, and California Business and Professions Code § 17208.

### **SECOND AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

2. The Complaint, and each cause of action set forth therein, fails to state facts sufficient to constitute any cause of action, or to set forth a claim upon which relief can be granted.

### **THIRD AFFIRMATIVE DEFENSE**

### **(Workers' Compensation Exclusivity)**

3. To the extent that Plaintiff's Complaint alleges emotional or physical injury, any recovery is barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code Sections 3200, et seq.

### **FOURTH AFFIRMATIVE DEFENSE**

### **(Failure to Exhaust Administrative Remedies)**

4. The Complaint, and each cause of action set forth therein, is barred in that Plaintiff has failed to exhaust her administrative remedies.

### **FIFTH AFFIRMATIVE DEFENSE**

### **(Waiver, Estoppel, and Unclean Hands)**

5. The Complaint, and each cause of action set forth therein, is barred in that Plaintiff, by reason of her conduct and actions, is barred by the doctrines of estoppel, unclean hands, and/or waiver from asserting the claims set forth therein.

2

1

**SIXTH AFFIRMATIVE DEFENSE**

2

**(Good Faith/Justification, Privilege, and Legitimate**

3

**Exercise of Management Discretion)**

4       6.       The Complaint, and each cause of action set forth therein, is barred in whole or in

5   part, because Defendant did not discriminate or retaliate against Plaintiff or otherwise treat her in

6   any manner in violation of California's Fair Employment and Housing Act or any other

7   established public policy.  Any and all decisions made by Defendant regarding Plaintiff's

8   employment were based on reasonable, lawful, legitimate, non-discriminatory reasons undertaken

9   for fair and honest reasons regulated by good faith under the circumstances then existing.

10  Defendant further avers that any acts by Defendant regarding Plaintiff, with respect to all matters

11  which are the subject matter of this litigation, were privileged under California law.  Finally, at all

12  pertinent times, Defendant's actions with respect to Plaintiff were based on Defendant's

13  legitimate non-discriminatory interest in running an efficient and profitable business within the

14  confines of the law, and were therefore privileged and/or done out of business necessity.

15  Accordingly, all such decisions constituted a just and proper exercise of management discretion.

16

**SEVENTH AFFIRMATIVE DEFENSE**

17

**(Failure to Use Preventative Opportunities/Avoidable Consequences)**

18      7.       Plaintiff's claims are barred in whole or in part because Defendant exercised

19  reasonable care to prevent and promptly correct harassing, discriminatory or retaliatory behavior

20  in the workplace.   Plaintiff unreasonably failed to take advantage of preventative or corrective

21  opportunities provided by Defendant or to avoid harm otherwise.

22

**EIGHTH AFFIRMATIVE DEFENSE**

23

**(After Acquired Evidence Doctrine)**

24      8.       As an affirmative defense to each of Plaintiff's Causes of Action, Defendant avers

25  that the claims, in whole or in part, are barred by the doctrine of after-acquired evidence.

26

**NINTH AFFIRMATIVE DEFENSE**

27

**(At-Will Employment)**

28      9.       Plaintiff's Complaint, and each purported cause of action set forth therein, is

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 21STCV16884

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

barred in whole or in part because Plaintiff was an at-will employee of Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(Compliance with the Law)**

10.     As an affirmative defense to each of Plaintiff's causes of action, Defendant avers that any recovery is barred, in whole or in part, because of Defendant's compliance with the underlying relevant law(s).  Further, because Defendant's actions comply with the relevant underlying law(s), it did not engage in any unfair, unlawful, or fraudulent conduct with respect to its operations as they relate to Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Duty to Accommodate)**

11.     Plaintiff's claims are barred in whole or in part because Plaintiff did not have a disability, and Defendant was under no duty to accommodate her.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Notification of Limitations)**

12.     Plaintiff's claims are barred in whole or in part because Plaintiff failed to notify Defendant of any limitations on her ability to satisfactorily perform her essential job functions, due to her alleged disability.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Interactive Process)**

13.     Plaintiff's claims are barred in whole or in part because Plaintiff failed to engage in the interactive process.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

14.     Plaintiff's claims are barred in whole or in part because it would have created an undue hardship to accommodate her asserted disability.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Perform)**

15.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

4

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1  therein, is barred by her failure to satisfactorily perform her job responsibilities and otherwise

2  conduct herself in accordance with Defendant's standards and policies.

3  ### SIXTEENTH AFFIRMATIVE DEFENSE

4  **(Punitive Damages Claim Unconstitutional)**

5  16.     To the extent that any such act is found which would support an award of punitive

6  damages, Plaintiff's recovery of punitive damages against Defendant is unconstitutional under

7  numerous provisions of the United States Constitution, including the Excessive Fines Clause of

8  the Eighth Amendment, the Due Process Clause of the Fifth Amendment and Section 1 of the

9  Fourteenth Amendment, and other provisions of the United States Constitution.

10  ### SEVENTEENTH AFFIRMATIVE DEFENSE

11  **(No Entitlement to Attorneys' Fees)**

12  17.     The Complaint, and each cause of action alleged therein, fails to state facts

13  sufficient to support an award for attorneys' fees against Defendant.

14  ### EIGHTEENTH AFFIRMATIVE DEFENSE

15  **(Mitigation)**

16  18.     Plaintiff has failed to mitigate her damages, and, to the extent of such failure, any

17  damages awarded to Plaintiff should be reduced accordingly.

18  ### NINETEENTH AFFIRMATIVE DEFENSE

19  **(Consent)**

20  19.     Plaintiff's claims are barred, and/or her damages are limited, to the extent that

21  Plaintiff consented to the conduct alleged in her Complaint.

22  ### TWENTIETH AFFIRMATIVE DEFENSE

23  **(Unavailable Remedies Under the Unfair Competition Law)**

24  20.     Plaintiff's Complaint fails to the extent that it seeks penalties and/or damages for

25  alleged violations that form the basis of an underlying claim pursuant to the Unfair Competition

26  Law, Section 17200 of the Business and Professions Code et seq. ("UCL").

27  ///

28  ///

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

5

1

2

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Unlawful, Unfair, or Fraudulent Business Practice)

3      21.      Without admitting the allegations of the Complaint, Plaintiff's underlying claim

4   for violation of the UCL fails because the alleged practices of Defendant are not unfair, unlawful

5   or fraudulent, the public is not likely to be deceived by any alleged practices, Defendant gained

6   no competitive advantage by such practices, and the benefits of the alleged practices outweigh

7   any harm or other impact they may cause.

8                    **<u>RIGHT TO AMEND AFFIRMATIVE DEFENSES</u>**

9      Defendant has no independent knowledge, as of the filing of this Answer, of all facts

10   allegedly constituting the causes of action in the Complaint, and based thereon, hereby

11   respectfully requests leave of this Court to amend this Answer to include those affirmative

12   defenses that are revealed during the course of Defendant's discovery.

13      **WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

14      1.      That Plaintiff takes nothing by her Complaint against Defendant, and that

15   judgment be entered in favor of Defendant on each of Plaintiff's causes of action;

16      2.      That Defendant recovers the costs of suit herein;

17      3.      That Defendant be awarded reasonable attorneys' fees and costs deemed just and

18   proper by the Court; and,

19      4.      For such other and further relief as this Court deems just and proper.

20

21   Dated:   June 29, 2021                    HIRSCHFELD KRAEMER LLP

22

23                                         By:_____

24                                            Daniel H. Handman
                                              Netta Rotstein
25
                                           Attorneys for Defendant
26                                         WORLDWIDE FLIGHT SERVICES, INC.

27

28

6

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401.  On **June 30, 2021**, I served the following document(s) by the method indicated below:

### DEFENDANT WORLDWIDE FLIGHT SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

[X] ***BY E-MAIL.**  Due to the National Emergency and public health orders in California related to the coronavirus and COVID-19 pandemic, Hirschfeld Kraemer LLP attorneys and staff are working remotely and therefore have limited capabilities to send physical mail in the normal course of business.  On this date, I personally transmitted the foregoing document(s) using electronic mail to the e-mail address(es) of the person(s) on the attached service list.*

[ ] by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery.  On June 30, 2021 I caused to be served via messenger the above-listed documents.

[ ] by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

| | |
|---|---|
| Jihad M. Smaili, Esq. | Telephone: (714) 547-4700 |
| SMAILI & ASSOCIATES, PC | Facsimile:  (714) 547-4710 |
| Civic Center Plaza Towers | Email:  jihad@smaililaw.com |
| 600 W. Santa Ana Blvd., Suite 202 | |
| Santa ana, CA 92701 | *Attorneys for Plaintiff Margoth Guzman* |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **June 30, 2021**, at Santa Monica, California.

_____
Mayra L. Vera

7

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 21STCV16884

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and a resident of the State of Firm State, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On **July 1, 2021**, I served the following document(s) by the method indicated below:

## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

☒       *BY E-MAIL. Due to the National Emergency and public health orders in California related to the coronavirus and COVID-19 pandemic, Hirschfeld Kraemer LLP attorneys and staff are working remotely and therefore have limited capabilities to send physical mail in the normal course of business. On this date, I personally transmitted the foregoing document(s) using electronic mail to the e-mail address(es) of the person(s) on the attached service list.*

☐       by **electronic Filing:** I hereby certify that on July 1, 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

☐       by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Jihad M. Smaili, Esq.         Telephone: (714) 547-4700
SMAILI & ASSOCIATES, PC    Facsimile:  (714) 547-4710
Civic Center Plaza Towers       Email:  jihad@smaililaw.com
600 W. Santa Ana Blvd., Suite 202          stephen@smaililaw.com
Santa ana, CA 92701

                             Attorneys for Plaintiff Margoth Guzman

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on **July 1, 2021** at Santa Monica, California.

_____
*Mayra L. Vera*

7